UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES - GENERAL


| Case No.:   CV 15-05747-AB (PLAx) | Date:    August 20, 2015 |
|---|---|

Title:    *William J. Hoffman v. Gerald Ehrens, et al.*

Present: The Honorable    ANDRÉ BIROTTE JR.

|  |  |
|---|---|
| Carla Badirian | N/A |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**    **[In Chambers] Order DISMISSING the Complaint for Lack of Subject-Matter Jurisdiction WITHOUT PREJUDICE**

Plaintiff is a court-appointed receiver for Nationwide Automated Systems, Inc., Oaisis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, and Oasis Studio Rentals #3, LLC.  (Dkt. No. 1, ¶ 4.)   Plaintiff was appointed as receiver for those entities in *Securities and Exchange Commission v. Nationwide Automated Systems, Inc.*, *et al.*, No. CV 14-07249-SJO (FFMx) (the "SEC Action"), and now brings a clawback suit against Defendants to recoup nearly $2 million in allegedly fraudulent transfers to Defendants. Plaintiff invokes this Court's jurisdiction solely under the its supplemental jurisdiction (28 U.S.C. § 1367(a)), alleging that "this action arises from a common nucleus of operative facts [with], and is substantially related to the original claims in" the SEC Action.  (Dkt. No. 1, ¶ 1.)

To that end, Plaintiff filed a "Notice of Related Case" along with the complaint, seeking to have this action related to the SEC Action pursuant to Local Rule 83-1.3.1. (Dkt. No. 3.)  However, on August 6, 2015, the Honorable S. James Otero declined Plaintiff's request to relate this action to the SEC Action, concluding that the two actions do not arise from the same or closely related actions, happenings, or events.  (Dkt. No. 11.)

In light of Judge Otero's holding that this action is not related to the SEC Action (which now is the law of the case in this action), it appears that the Court lacks subject matter jurisdiction over Plaintiff's claims, all of which arise under California law.   Section 1367(a) only affords district courts subject matter jurisdiction over state-law claims that "are so related to the claims in the action within" the district court's "original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."   28 U.S.C. § 1367.   Judge Otero having concluded that the claims in this action are unrelated to the claims at issue in the SEC Action (which Plaintiff asserts as the controversy over which the Court has original jurisdiction), the Court lacks supplemental jurisdiction over Plaintiff's California-law claims and must dismiss the action.   Fed. R. Civ. P. 12(h)(3).

Accordingly, the Court **DISMISSES** Plaintiff's complaint **WITHOUT PREJUDICE** to Plaintiff bringing the claims in a court of competent jurisdiction.   If Plaintiff believes that he has some other basis to invoke the Court's original or supplemental jurisdiction, he may file an amended complaint stating a proper basis to invoke the Court's jurisdiction **no later than August 31, 2015**.

**IT IS SO ORDERED**