DAVID R. ZARO (BAR NO. 124334)
TED FATES (BAR NO. 227809)
TIM C. HSU (BAR NO. 279208)
ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com
           tfates@allenmatkins.com
           thsu@allenmatkins.com

Attorneys for Plaintiff
WILLIAM J. HOFFMAN, Receiver

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| WILLIAM J. HOFFMAN, Court-appointed permanent receiver for Defendant Nationwide Automated Systems, Inc., Relief Defendants Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates,<br><br>                Plaintiff,<br><br>        v.<br><br>GERALD EHRENS, WILMA EHRENS, RIVIERA INVESTMENTS, L.P., a Nevada limited partnership, FIRST ABBY CORPORATION, a Nevada corporation, AMGEST LTD. a Delaware corporation,<br><br>                Defendants. | Case No. CV15-05747 SJO (FFMx)<br><br>**DECLARATION OF TIM C. HSU IN SUPPORT OF REQUEST FOR ENTRY OF DEFAULT OF DEFENDANT AMGEST LTD.**<br><br>Ctrm:   1 - 2nd Floor<br>Judge:  Hon. S. James Otero |

1    I, Tim C. Hsu, declare as follows:

2       1.      I am an attorney at the law firm of Allen Matkins Leck Gamble

3    Mallory & Natsis LLP, counsel of record for William J. Hoffman of Trigild, Inc.

4    ("Receiver"), the Court-appointed permanent receiver for Nationwide Automated

5    Systems, Inc. ("NASI"), Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC,

6    Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates ("Receivership

7    Entities"), in that Securities and Exchange Commission enforcement action styled as

8    *Securities and Exchange Commission v. National Automated Systems, Inc., et al.*,

9    United States District Court, Central District of California, Case No. 14-CV-07249-

10   SJO (FFMx).

11      2.      This Declaration is made in support of the Receiver's Request for Entry

12   of Default of Defendant Amgest Ltd. ("Amgest").  I have personal knowledge of the

13   facts set forth herein and, if called as a witness, could and would testify to such facts

14   under oath.

15      3.      This action was commenced with the filing of the Complaint on

16   July 29, 2015.  Copies of the Summons and Complaint issued by this Court were

17   duly served on Bruce Gardiner on September 14, 2015, as evidenced by the proof of

18   service on file with this Court and designated as Docket No. 21.  In particular,

19   Amgest was served by way of personal service on Bruce Gardiner, in his capacity as

20   a registered officer of the corporation in accordance with Federal Rules of Civil

21   Procedure 4(h)(1)(B).  A true and correct copy of the related proof of service on file

22   with this Court for Amgest, along with a true and correct copy of the Nevada

23   Secretary of State's registration information listing Bruce Gardiner as an officer of

24   Amgest, is attached hereto as **Exhibit A**.

25      4.      On October 9, 2015, after Amgest failed to file or serve any responsive

26   pleading or motion to the Complaint, I prepared and sent a letter to Mr. Gardiner,

27   with a copy to Defendant Gerald Ehrens via overnight FedEx and email, to inform

28   them of the Receiver's intent to seek entry of default against Amgest's and

subsequently seek entry of judgment thereon.  True and correct copies of my letter to Mr. Gardiner and my letter and email to Mr. Ehrens, along with a proof of delivery from FedEx are attached hereto as **Exhibit B**.

       5.    As of the date of this filing, Amgest has not filed any responsive pleading or motion, or otherwise made any appearance in this action.

       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

       Executed this 16th day of October 2015, at Los Angeles, California.

/s/ Tim C. Hsu

TIM C. HSU

# EXHIBIT A

DAVID R. ZARO  SBN: 124334
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
515 S. FIGUEROA STREET, 9TH FLOOR
LOS ANGELES, CA 90071
(213) 622-5555

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| WILLIAM J. HOFFMAN, ETC.<br><br>v.<br><br>GERALD EHRENS, ET AL. | **CASE NUMBER:**<br>2:15-CV-5747 AB (PLAx)<br><br>**PROOF OF SERVICE**<br>**SUMMONS AND COMPLAINT**<br>(Use separate proof of service for each person/party served) |

1. At the time of service I was at least 18 years of age and not a party to this action and I served copies of the *(specify documents):*

    a. [X] summons    [ ] first amended complaint    [ ] third party complaint
       [X] complaint    [ ] second amended complaint    [ ] counter claim
       [ ] alias summons    [ ] third amended complaint    [ ] cross claim
       [X] other  SEE ATTACHED DOCUMENT LIST

2. Person served:

    a. [X] Defendant *(name:)* AMGEST LTD, A DELAWARE CORPORATION
    b. [X] Other (specify name and title or relationship to the party/business named):
       BRUCE GARDINER - PRESIDENT
    c. [X] Address where the papers were served: 9005 WEST SAHARA AVENUE
       LAS VEGAS, NV 89117

3. Manner of Service in compliance with *(the appropriate box must be checked):*

    a. [X] Federal Rules of Civil Procedure
    b. [ ] California Code of Civil Procedure

4. I served the person named in Item 2:

    a. [X] By Personal Service. By personally delivering copies. If the person is a minor, by leaving copies with a parent, guardian, conservator or similar fiduciary and to the minor if at least twelve (12) years of age.

       1. [X] Papers were served on *(date):* 09/14/2015 at *(time):* 04:18 pm

    b. [ ] By Substituted Service. By leaving copies:

       1. [ ] (home) at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household, at least 18 years of age, who was informed of the general nature of the papers.

       2. [ ] (business) or a person apparently in charge of the office, or place of business, at least 18 years of age, who was informed of the general nature of the papers.

       3. [ ] Papers were served on *(date):* at *(time):*

       4. [ ] by mailing *(by first-class mail, postage prepaid)* copies to the person served in Item 2(b) at the place where the copies were left in Item 2(c).

       5. [ ] papers were mailed on

       6. [ ] due diligence. I made at least three (3) attempts to personally serve the defendant.

    c. [ ] Mail and acknowledgment of service. By mailing *(by first-class mail or airmail, postage prepaid)* copies to the person served, with two (2) copies of the form of Waiver of Service of Summons and Complaint and a return envelope, postage prepaid addressed to the sender. **(Attach completed Waiver of Service of summons and Complaint).**

Case 2:15-cv-05747-SJO-FFM   Document 21   Filed 09/24/15   Page 2 of 3   Page ID #:89

d. ☐ **Service on domestic corporation, unincorporated association (including partnership), or public entity. (F.R.Civ.P. 4(h))** **(C.C.P. 416.10)** By delivering, during usual business hours, a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute and the statute so requires, by also mailing, by first-class mail, postage prepaid, a copy to the defendant.

e. ☐ **Substituted service on domestic corporation, unincorporated association (including partnership), or public entity.** **(C.C.P. 415.20 only)** By leaving during usual business hours, a copy of the summons and complaint in the office of the person served with the person who apparently was in charge and thereafter by mailing *(by first-class mail, postage prepaid)* copies of the persons at the place where the copies were left in full compliance with C.C.P. 415.20  Substitute service upon the California Secretary of State requires a court order. **(Attach a copy of the order to this Proof of Service.)**

f. ☐ **Service on a foreign corporation.** In any manner prescribed for individuals by FRCP 4(f)

g. ☐ **Certified or registered mail service.** By mailing to an address outside California *(by first-class mail, postage prepaid, requiring a return receipt)* copies to the person served.  **(Attach signed return receipt or other evidence of actual receipt by the person served).**

h. ☐ **Other** (specify code section and type of service):

5. Service upon the **United States, and its Agencies, Corporations or Officers.**

a. ☐ by delivering a copy of the summons and complaint to the clerical employee designated by the U.S. Attorney authorized to accept service, pursuant to the procedures for the Office of the U.S. Attorney for acceptance of service, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the U.S. Attorneys Office.

   Name of person served:

   Title of person served:

   Date and time of service: *(date):* at *(time):*

b. ☐ By sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States  at Washington, D.C. **(Attach signed return receipt or other evidence of actual receipt by the person served).**

c. ☐ By sending a copy of the summons and complaint by registered or certified mail to the officer, agency or corporation **(Attach signed return receipt or other evidence of actual receipt by the person served).**

6. At the time of service I was at least 18 years of age and not a party to this action,

7. Person serving *(name, address and telephone number)*:

NATIONWIDE LEGAL

   **JUDITH MAE ALL**
   **Nationwide Legal, LLC (12-234648)**
   **1609 James M. Wood Blvd., 2nd Fl**
   **Los Angeles, CA 90015**
   **(213) 249-9999**

   a. Fee for service: $ .00

   b. ☒ Not a registered California process server

   c. ☐ Exempt from registration under B&P 22350(b)

   d. ☐ Registered California process server
      Registration # :NEVADA
      County: NEVADA

8. ☐ I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Date: September 16, 2015 _____    _____JUDITH MAE ALL_____    *Judith MacAll* (Signature)
                                             *Type or Print Server's Name*

PROOF OF SERVICE - SUMMONS AND COMPLAINT

CV-1 (03/10)

PAGE 2
4118521JC

**Nationwide Legal, LLC (12-234648)**

1609 James M. Wood Blvd., 2nd Fl

Los Angeles, CA 90015

Phone: (213) 249-9999   Fax: (213) 249-9990

Continued from Proof of Service

**CASE #:**   2:15-CV-5747 AB (PLAx)                    **DATE:**  September 16, 2015

**CASE NAME:**   WILLIAM J. HOFFMAN, ETC. VS. GERALD EHRENS, ET AL.

summons;complaint;CIVIL COVER SHEET; NOTICE OF RELATED CASE UNDER LOCAL RULE 83-1.3.1; CERTIFICATION AND NOTICE OF INTERESTED PARTIES (LOCAL RULE 7.1-1); NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES; NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM; ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 14-03 (RELATED CASES)

Entity Details - Secretary of State, Nevada                    Page 1 of 4

# AMGEST LTD.

## Business Entity Information

| | | | |
|---|---|---|---|
| Status: | Default | File Date: | 9/24/1997 |
| Type: | Domestic Corporation | Entity Number: | C20636-1997 |
| Qualifying State: | NV | List of Officers Due: | 9/30/2014 |
| Managed By: | | Expiration Date: | |
| NV Business ID: | NV19971275220 | Business License Exp: | 9/30/2014 |

## Additional Information

| | |
|---|---|
| Central Index Key: | |

## Registered Agent Information

| | | | |
|---|---|---|---|
| Name: | GERALD EHRENS | Address 1: | 10924 PINE MEADOWS CT |
| Address 2: | | City: | LAS VEGAS |
| State: | NV | Zip Code: | 89134 |
| Phone: | | Fax: | |
| Mailing Address 1: | | Mailing Address 2: | |
| Mailing City: | | Mailing State: | |
| Mailing Zip Code: | | | |
| Agent Type: | Noncommercial Registered Agent | | |

## Financial Information

| | | | |
|---|---|---|---|
| No Par Share Count: | 0 | Capital Amount: | $ 100.00 |
| Par Share Count: | 100.00 | Par Share Value: | $ 1.00 |

## − | Officers                          □ Include Inactive Officers

**President - BRUCE GARDINER**

| | | | |
|---|---|---|---|
| Address 1: | 9005 WEST SAHARA AVENUE | Address 2: | |
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89117 | Country: | USA |
| Status: | Active | Email: | |

**Secretary - BRUCE GARDINER**

| | | | |
|---|---|---|---|
| Address 1: | 9005 WEST SAHARA AVENUE | Address 2: | |
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89117 | Country: | USA |
| Status: | Active | Email: | |

**Treasurer - BRUCE GARDINER**

| | | | |
|---|---|---|---|
| Address 1: | 9005 WEST SAHARA AVENUE | Address 2: | |
| City: | LAS VEGAS | State: | NV |

Exhibit A
Page 6

Entity Details - Secretary of State, Nevada

Page 2 of 4

| | | | |
|---|---|---|---|
| **Zip Code:** | 89117 | **Country:** | USA |
| **Status:** | Active | **Email:** | |

| | | |
|---|---|---|
| **Director - BRUCE GARDINER** | | |

| | | | |
|---|---|---|---|
| **Address 1:** | 9005 WEST SAHARA AVENUE | **Address 2:** | |
| **City:** | LAS VEGAS | **State:** | NV |
| **Zip Code:** | 89117 | **Country:** | USA |
| **Status:** | Active | **Email:** | |

## − | ⊟ Actions\Amendments

| | | | |
|---|---|---|---|
| **Action Type:** | Articles of Incorporation | | |
| **Document Number:** | C20636-1997-001 | **# of Pages:** | 3 |
| **File Date:** | 9/24/1997 | **Effective Date:** | |
| (No notes for this action) | | | |

| | | | |
|---|---|---|---|
| **Action Type:** | Merger | | |
| **Document Number:** | C20636-1997-003 | **# of Pages:** | 1 |
| **File Date:** | 9/30/1997 | **Effective Date:** | |
| ARTICLES OF MERGER FILED MERGING AMGEST LTD., A (DE) CORPORATION, #C12088-95, | | | |
| INTO THIS CORPORATION. (3)PGS. DMF | | | |

| | | | |
|---|---|---|---|
| **Action Type:** | Annual List | | |
| **Document Number:** | C20636-1997-011 | **# of Pages:** | 1 |
| **File Date:** | 8/28/1998 | **Effective Date:** | |
| (No notes for this action) | | | |

| | | | |
|---|---|---|---|
| **Action Type:** | Annual List | | |
| **Document Number:** | C20636-1997-010 | **# of Pages:** | 1 |
| **File Date:** | 9/28/1999 | **Effective Date:** | |
| (No notes for this action) | | | |

| | | | |
|---|---|---|---|
| **Action Type:** | Registered Agent Address Change | | |
| **Document Number:** | C20636-1997-004 | **# of Pages:** | 1 |
| **File Date:** | 7/28/2000 | **Effective Date:** | |
| SMITH, LARSEN & WIXOM MICHAEL B. WIXOM | | | |
| 3360 W. SAHARA,STE.175 LAS VEGAS NV 89102 GXH | | | |

| | | | |
|---|---|---|---|
| **Action Type:** | Annual List | | |
| **Document Number:** | C20636-1997-012 | **# of Pages:** | 1 |
| **File Date:** | 8/21/2000 | **Effective Date:** | |
| (No notes for this action) | | | |

| | | | |
|---|---|---|---|
| **Action Type:** | Annual List | | |
| **Document Number:** | C20636-1997-008 | **# of Pages:** | 1 |
| **File Date:** | 9/11/2001 | **Effective Date:** | |
| (No notes for this action) | | | |

| | | | |
|---|---|---|---|
| **Action Type:** | Annual List | | |
| **Document Number:** | C20636-1997-009 | **# of Pages:** | 1 |

Exhibit A
Page 7

Entity Details - Secretary of State, Nevada                    Page 3 of 4

| | |
|---|---|
| **File Date:** 8/15/2002 | **Effective Date:** |

(No notes for this action)

| | | | |
|---|---|---|---|
| **Action Type:** | Registered Agent Address Change | | |
| **Document Number:** | C20636-1997-005 | **# of Pages:** | 1 |
| **File Date:** | 7/1/2003 | **Effective Date:** | |

SMITH, LARSEN & WIXOM SUITE 380 RAS

777 N RAINBOW LAS VEGAS NV 89107 RAS

| | | | |
|---|---|---|---|
| **Action Type:** | Annual List | | |
| **Document Number:** | C20636-1997-007 | **# of Pages:** | 1 |
| **File Date:** | 8/11/2003 | **Effective Date:** | |

(No notes for this action)

| | | | |
|---|---|---|---|
| **Action Type:** | Registered Agent Change | | |
| **Document Number:** | C20636-1997-006 | **# of Pages:** | 1 |
| **File Date:** | 9/21/2004 | **Effective Date:** | |

SMITH, LARSEN & WIXOM

1935 VILLAGE CENTER CIR LAS VEGAS NV 89134 SSH

| | | | |
|---|---|---|---|
| **Action Type:** | Annual List | | |
| **Document Number:** | C20636-1997-002 | **# of Pages:** | 1 |
| **File Date:** | 9/21/2004 | **Effective Date:** | |

List of Officers for 2004 to 2005

| | | | |
|---|---|---|---|
| **Action Type:** | Annual List | | |
| **Document Number:** | 20050389292-60 | **# of Pages:** | 1 |
| **File Date:** | 9/9/2005 | **Effective Date:** | |

(No notes for this action)

| | | | |
|---|---|---|---|
| **Action Type:** | Annual List | | |
| **Document Number:** | 20060492603-42 | **# of Pages:** | 1 |
| **File Date:** | 7/31/2006 | **Effective Date:** | |

(No notes for this action)

| | | | |
|---|---|---|---|
| **Action Type:** | Registered Agent Change | | |
| **Document Number:** | 20060523960-33 | **# of Pages:** | 1 |
| **File Date:** | 8/14/2006 | **Effective Date:** | |

(No notes for this action)

| | | | |
|---|---|---|---|
| **Action Type:** | Annual List | | |
| **Document Number:** | 20070629013-30 | **# of Pages:** | 1 |
| **File Date:** | 9/12/2007 | **Effective Date:** | |

(No notes for this action)

| | | | |
|---|---|---|---|
| **Action Type:** | Annual List | | |
| **Document Number:** | 20080595063-28 | **# of Pages:** | 1 |
| **File Date:** | 9/5/2008 | **Effective Date:** | |

(No notes for this action)

| | | | |
|---|---|---|---|
| **Action Type:** | Annual List | | |

Exhibit A
Page 8

Entity Details - Secretary of State, Nevada                    Page 4 of 4

| Document Number: | 20090675451-49 | # of Pages: | 1 |
| File Date: | 9/10/2009 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | 20100607221-61 | # of Pages: | 1 |
| File Date: | 8/13/2010 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | 20110566374-45 | # of Pages: | 1 |
| File Date: | 7/31/2011 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | 20120522690-79 | # of Pages: | 1 |
| File Date: | 7/30/2012 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | 20130600936-20 | # of Pages: | 1 |
| File Date: | 9/13/2013 | Effective Date: | |
| (No notes for this action) | | | |

Exhibit A
Page 9

# EXHIBIT B

**Allen Matkins Leck Gamble Mallory & Natsis LLP**
Attorneys at Law
515 South Figueroa, 9th Floor | Los Angeles, CA 90071-3309
Telephone: 213.622.5555 | Facsimile: 213.620.8816
www.allenmatkins.com

Tim C. Hsu
E-mail: thsu@allenmatkins.com
Direct Dial: 213 955 5516   File Number: 374464-00011/SD835129.01

**Via Email/FedEx**

October 9, 2015

Amgest LTD
Attn: Mr. Bruce Gardiner, President
9005 West Sahara Avenue
Las Vegas, Nevada 89117

Gerald Ehrens
Wilma Ehrens
10924 Pine Meadows Court
Las Vegas, NV 89134
Email: gleefully@cox.net
Email: glefully@cox.net

> Re:   *Hoffman v. Ehrens, et al.*
>       **USDC, Central District of California**
>       **Case No. CV15-05747 SJO (FFMx)**

Dear Mr. Gardiner,

As you know, our firm represents Plaintiff William J. Hoffman of Trigild, Inc. ("Receiver"), in the above-referenced United States District Court action. The Receiver was appointed permanent-receiver for Nationwide Automated Systems, Inc., Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates ("Receivership Entities"), in that Securities and Exchange Commission enforcement action styled as *Securities and Exchange Commission v. National Automated Systems, Inc., et al.*, United States District Court, Central District of California, Case No. 14-CV-07249-SJO (FFMx).

On July 29, 2015, the Receiver filed a Complaint for fraudulent transfer, unjust enrichment and constructive trust against Gerald and Wilma Ehrens, Agmest Ltd. ("Amgest"), and a number of other related entities. These claims are brought in connection with the fraudulent transfers of funds out of the Receivership Entities. A copy of the Complaint, along with the Summons issued by the Court, is attached for your reference.

Allen Matkins Leck Gamble Mallory & Natsis LLP
Attorneys at Law

Amgest LTD
Gerald Ehrens
October 9, 2015
Page 2

On September 14, 2015, a copy of the Complaint and Summons, and related initiating case documents, were personally served on you in your capacity as an officer of Amgest. A copy of the proof of service on file in this action for service to Amgest is enclosed.

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Amgest had until October 5, 2015, to file and serve a responsive pleading to the Complaint. As of the date of this letter, no such pleading has been filed or served. As a consequence, the Receiver intends to seek the entry of a default judgment in this action against Amgest and will file a request to do so with the Court by October 16, 2015. Please advise immediately if Amgest intends to file a response.

Very truly yours,

Tim C. Hsu

TCH/jlh
Enclosures

Exhibit B
Page 11

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM J. HOFFMAN, Court-appointed permanent receiver for Defendant Nationwide Automated Systems, Inc., Relief Defendants Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates | ) ) ) ) ) ) | |
| *Plaintiff(s)* | ) | Civil Action No. 2:15-cv-5747 AB (PLAx) |
| v. | ) ) | |
| GERALD EHRENS, WILMA EHRENS, RIVIERA INVESTMENTS, L.P., a Nevada limited partnership, FIRST ABBY CORPORATION, a Nevada corporation, AMGEST LTD. a Delaware corporation, | ) ) ) ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
    GERALD EHRENS - 10924 Pine Meadows Court, Las Vegas, NV 89134
    WILMA EHRENS - 10924 Pine Meadows Court, Las Vegas, NV 89134
    RIVIERA INVESTMENTS, L.P., a Nevada limited partnership - 10924 Pine Meadows Court, Las Vegas, NV 89134
    FIRST ABBY CORPORATION, a Nevada corporation, c/o Michael V. Infuso, Esq., GreeneInfuso, 3030 S. Jones
    Blvd., Ste 101, Las Vegas, NV 89146
    AMGEST LTD., a Delaware corporation - 10924 Pine Meadows Court, Las Vegas, NV 89134

    A lawsuit has been filed against you.

    Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you
are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ.
P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of
the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney,
whose name and address are:
    David R. Zaro, Esq.
    Ted Fates, Esq.
    Tim C. Hsu, Esq.
    Allen Matkins Leck Gamble Mallory & Natsis LLP
    515 South Figueroa Street, Ninth Floor, Los Angeles, California 90071
    Phone: (213) 622-5555; Facsimile: (213) 620-8816

    If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint.
You also must file your answer or motion with the court.

                                                        *CLERK OF COURT*

Date:   August 10, 2015                          /s/ *Jenny Lam*
                                                 *Signature of Clerk or Deputy Clerk*



Doc ID – SD-#832839

American LegalNet, Inc.
www.FormsWorkFlow.com

Case 2:15-cv-05747-AB-PLA   Document 12   Filed 08/10/15   Page 2 of 2   Page ID #:40

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Doc ID – SD-#832859


American LegalNet, Inc.
www.FormsWorkFlow.com

1   DAVID R. ZARO (BAR NO. 124334)
    TED FATES (BAR NO. 227809)
2   TIM C. HSU (BAR NO. 279208)
    ALLEN MATKINS LECK GAMBLE
3      MALLORY & NATSIS LLP
    515 South Figueroa Street, Ninth Floor
4   Los Angeles, California 90071-3309
    Phone: (213) 622-5555
5   Fax: (213) 620-8816
    E-Mail: dzaro@allenmatkins.com
6            tfates@allenmatkins.com
             thsu@allenmatkins.com
7
    Attorneys for Plaintiff
8   WILLIAM J. HOFFMAN, Receiver

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  WESTERN DIVISION

12  WILLIAM J. HOFFMAN, Court-            Case No. 2:15-cv-5747
    appointed permanent receiver for
13  Defendant Nationwide Automated        COMPLAINT FOR FRAUDULENT
    Systems, Inc., Relief Defendants Oasis  TRANSFER, UNJUST
14  Studio Rentals, LLC, Oasis Studio     ENRICHMENT, AND
    Rentals #2, LLC, Oasis Studio         CONSTRUCTIVE TRUST
15  Rentals #3, LLC, and their subsidiaries
    and affiliates,
16
                    Plaintiff,
17
         v.
18
    GERALD EHRENS, WILMA EHRENS,
19  RIVIERA INVESTMENTS, L.P., a
    Nevada limited partnership, FIRST
20  ABBY CORPORATION, a Nevada
    corporation, AMGEST LTD. a Delaware
21  corporation,
22                  Defendants.
23
24
25
26
27
28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

832640.01/SD

1   Plaintiff William J. Hoffman of Trigild, Inc. ("Receiver"), the Court-
2   appointed permanent receiver for Nationwide Automated Systems, Inc. ("NASI"),
3   Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio
4   Rentals #3, LLC, and their subsidiaries and affiliates ("Receivership Entities"),
5   hereby brings the following Complaint against the above-captioned Defendants and
6   alleges, on behalf of the Receivership Entities, as follows:

## I.   JURISDICTION AND VENUE

8   1.   This Court has jurisdiction over this matter under 28 U.S.C.
9   sections 1345 and 1367(a), and the doctrines of ancillary and supplemental
10   jurisdiction, in that this action arises from a common nucleus of operative facts as,
11   and is substantially related to the original claims in, the Securities and Exchange
12   Commission ("Commission") enforcement action styled as *Securities and Exchange*
13   *Commission v. National Automated Systems, Inc.*, *et al.*, United States District
14   Court, Central District of California, Case No. 14-CV-07249-SJO (FFMx) ("SEC
15   Action").

16   2.   This Court may exercise personal jurisdiction over the above-captioned
17   Defendants pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) and 28 U.S.C.
18   sections 754 and 1692.

19   3.   Venue in the Central District of California is proper under 28 U.S.C.
20   section 1391 because this action is an ancillary proceeding to the SEC Action and
21   because the Receiver was appointed in this District pursuant to the Preliminary
22   Injunction and Orders (1) Freezing Assets; (2) Prohibiting the Destruction of
23   Documents; (3) Requiring Accountings; and (4) Appointing a Receiver entered by
24   this Court in the SEC Action on October 29, 2014 ("Preliminary Injunction").

## II.   PARTIES

26   4.   The Receiver is the duly appointed permanent receiver for the
27   Receivership Entities, and was appointed permanent receiver for the Receivership
28   Entities pursuant to the Preliminary Injunction.  Among other things, the

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

832640.01/SD

1  Preliminary Injunction calls for the Receiver to recover and marshal, for the benefit

2  of creditors of and investors in the Receivership Entities, any and all assets which

3  were owned, leased, occupied, or otherwise controlled by the Receivership Entities

4  or were otherwise purchased with assets of the Receivership Entities.  The Receiver

5  holds exclusive authority and control over the assets of the Receivership Entities,

6  including over the causes of action alleged herein, over which this Court has

7  ancillary and supplemental jurisdiction.

8        5.      On information and belief, Gerald Ehrens and Wilma Ehrens are

9  citizens and residents of the County of Clark, Nevada.

10       6.      On information and belief, Riviera Investments, L.P. is a Nevada

11 limited partnership, First Abby Corporation is a Nevada corporation, and

12 Amgest Ltd. is a Delaware corporation, each with its principal place of business in

13 the County of Clark, Nevada (together with Gerald and Wilma Ehrens,

14 "Defendants").  Defendants are each a recipient of transfers from the Receivership

15 Entities as described further herein.

16                III.    FACTUAL ALLEGATIONS

17      A.    The Purported Business of the Receivership Entities and the

18            Commencement of the SEC Action

19       7.      As alleged by the Commission in the SEC Action, NASI raised money

20 from investors by selling them Automated Teller Machines ("ATMs"), leasing the

21 ATMs back from investors, managing the ATMs for the investors, and paying the

22 investors "rents" that were guaranteed to total at least 20% of the purchase price

23 paid for the ATMs per year.  The Receivership entities also paid referral fees to

24 investors and other agents who recruited new investors to purchase ATMs.

25       8.      In actuality, the Receivership Entities did not sell any ATMs to

26 investors, but instead fabricated and sold fictitious ATMs with fabricated serial

27 numbers and locations.  The "rents" paid to investors who purchased fictitious

28

1  ATMs, as well as referral fees paid to investors and agents, were paid from the

2  amounts raised from other investors.  Thus, NASI operated a classic Ponzi scheme.

3       9.    On or about September 17, 2014, the Commission initiated the SEC

4  Action against the Receivership Entities and their principals Joel Gillis and Edward

5  Wishner, alleging violations of federal securities laws.  The Commission petitioned

6  for the Receiver's appointment, and on September 30, 2014, and October 29, 2014,

7  this Court entered orders appointing the Receiver, first on a temporary basis and

8  then as permanent receiver for the Receivership Entities.

9      **B.**    **The Receiver's Authority and Investigation Pursuant to His**

10          **Appointment**

11      10.    Pursuant to the terms of his appointment, the Receiver is vested with

12  exclusive authority and control over the assets of the Receivership Entities.

13  Specifically, Article XII of the Preliminary Injunction and Article VIII of the Freeze

14  Order vests the Receiver with the "full powers of an equity receiver, including, but

15  not limited to . . . full power to sue . . . and take into possession all [receivership]

16  property." (Emphasis added.)

17      11.    The Receiver's investigation to date supports and confirms the

18  Commissions allegations in the SEC Action, including that NASI operated a Ponzi

19  scheme, sold fictitious ATMs to investors and made rent and referral fee payments

20  to investors from funds raised from other investors.  Defendants Gillis and Wishner

21  filed answers to the SEC's complaint in which they admit the facts supporting the

22  SEC's Ponzi scheme allegations.

23      **C.**    **Criminal Indictment and Guilty Pleas**

24      12.    On December 16, 2014, Gillis and Wishner were arrested and charged

25  with mail fraud, wire fraud, conspiracy, and aiding and abetting.  *United States v.*

26  *Gillis, et al.*, C.D. Cal. Case No. 14-CR-00712-SJO.  Gillis and Wishner waived

27  indictment, surrendered their passports, and were released on bail.  On January 13,

28  2015, and January 21, 2015, respectively, Wishner and Gillis plead guilty to all four

1  counts of the criminal information. In connection with Gillis' guilty plea, a

2  statement of facts signed by Gillis that supports the guilty plea was filed by the

3  government ("Statement of Facts"). As part of his guilty plea, Gillis stated under

4  oath that the facts in the Statement of Facts were true. The Statement of Facts is

5  attached hereto as Exhibit A.

6      13.    The Statement of Facts is fully incorporated herein by reference. The

7  facts stated therein are included in this complaint as though fully restated and

8  alleged herein.

9      D.    **The Fraudulent Transfers to Defendants From the Receivership**

10          **Entities**

11      14.    Attached hereto as Exhibit B is a schedule of bank transfers from

12  Defendants to NASI and from NASI to Defendants. As the schedule reflects, the net

13  amount received by Defendants ("Profit Amount") is calculated by subtracting

14  (a) transfers from NASI to Defendants ("Payments from NASI") from (b) transfers

15  from Defendants NASI ("Deposit Amount"). Defendants' Profit Amount is

16  $1,980,616.50.[1]

17      15.    Defendants had no business dealings with NASI apart from transactions

18  relating to the purchase and leasing of fictitious ATMs and provided no services or

19  other value to NASI other than amounts paid for the fictitious ATMs.

20          <u>COUNT I – FRAUDULENT TRANSFER</u>

21      16.    The Receiver incorporates herein each and every allegation contained

22  in Paragraphs 1 through 15, inclusive, hereinabove set forth.

23      17.    Over the course of its pre-receivership operations, NASI paid the Profit

24  Amount to Defendants with the intent to hinder, delay, or defraud NASI's creditors.

25

26

27  [1]  All transfers from Payments from NASI occurring (a) after Defendants received

28      payments equal to the Deposit Amount, and (b) more than seven years prior to
    the date of filing this Complaint have been excluded from the calculation of the
    Profit Amount.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

832640.01/8D        -4-

1  Such payments were made from the proceeds of the Ponzi scheme which were

2  generated from investors in the scheme.

3       18.    The Receivership Entities received nothing of value in exchange for the

4  payments that comprise the Profit Amount.

5       19.    At the time the payments comprising the Profit Amount were made to

6  Defendants, NASI was engaged in or about to engage in business transactions for

7  which its remaining assets were unreasonably small in relation to the business or

8  transaction.

9       20.    NASI was insolvent, or became insolvent, shortly after the subject

10  payments comprising the Profit Amount were made to Defendants.

11       21.    NASI intended to incur, or believed or reasonably should have believed

12  it would incur, debts beyond its ability to pay as they became due.

13       22.    As a consequence, the full Profit Amount is an actual and

14  constructively fraudulent transfer under California's Uniform Fraudulent Transfer

15  Act ("CUFTA"), Cal. Civ. Code § 3439, *et seq.*, and is subject to immediate

16  disgorgement to the Receiver.

17                     **COUNT III – UNJUST ENRICHMENT**

18       23.    The Receiver incorporates herein each and every allegation contained

19  in Paragraphs 1 through 22, inclusive, hereinabove set forth.

20       24.    As described above, NASI paid the Profit Amount to Defendants in

21  connection with the Agreement. Such payments were made from the proceeds of a

22  Ponzi scheme which were generated from investors in the scheme.

23       25.    The Receivership Entities received no value or consideration in

24  exchange for the Profit Amount.

25       26.    Defendants have thus been unjustly enriched in the amount of the Profit

26  Amount, which is subject to immediate disgorgement to the Receiver.

27

28

## COUNT IV – CONSTRUCTIVE TRUST

27.     The Receiver incorporates herein each and every allegation contained in Paragraphs 1 through 26, inclusive, hereinabove set forth.

28.     As described above, Defendants have been unjustly enriched in the amount of the Profit Amount.  The payments comprising the Profit Amount were made from the proceeds of a Ponzi scheme which were generated from investors in the scheme.

29.     Because Defendants have been unjustly enriched in the amount of the Profit Amount, it holds that amount in constructive trust for the benefit of the Receivership Entities.

30.     The Receiver is therefore entitled to a judgment requiring Defendants to immediately turn over the full Profit Amount.

## PRAYER FOR RELIEF

WHEREFORE, the Receiver prays for judgment against the Defendants as follows:

**On Count I:**

(a)     For a judgment against Defendants avoiding the transfers from NASI to Defendants comprising the Profit Amount; and

(b)     For an order directing Defendants to immediately pay the Profit Amount, plus prejudgment interest and costs, to the Receiver; and

(c)     For such other and further relief as the Court may deem proper.

**On Count II:**

(a)     For a judgment against Defendants in the amount of the Profit Amount, plus prejudgment interest and costs; and

(b)     For an order directing Defendants to immediately pay the Profit Amount, plus prejudgment interest and costs, to the Receiver; and

(c)     For such other and further relief as the Court may deem proper.

Exhibit B
Page 20

1      **On Count III:**

2           (a)      For a judgment against Defendants in the amount of the Profit Amount,

3   plus prejudgment interest and costs; and

4           (b)      For an order declaring Defendants to be holding the Profit Amount,

5   plus prejudgment interest and costs, in constructive trust for the benefit of the

6   Receivership Entities and directing Defendants to immediately turn over the full

7   Profit Amount to the Receiver; and

8           (c)      For such other and further relief as the Court may deem proper.

9

10  Dated:  July 29, 2015                              ALLEN MATKINS LECK GAMBLE
                                                        MALLORY & NATSIS LLP
11

12                                          By:      /s/ Ted Fates
                                                        TED FATES
13                                                      Attorneys for Plaintiff
                                                        WILLIAM J. HOFFMAN, Receiver
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

832640.01/SD                              -7-

# EXHIBIT A

**EXHIBIT A**

**UNITED STATES v. JOEL BARRY GILLIS,**
CR 14-712-SJO

STATEMENT OF FACTS
IN SUPPORT OF ENTRY OF GUILTY PLEAS
BY DEFENDANT JOEL BARRY GILLIS

1.   At all times relevant to the charges,

     a.   Nationwide Automated Systems, Inc. ("NASI") was a California corporation that operated out of its principal office in Calabasas, California, within the Central District of California. NASI was incorporated in 1996 and held itself out to the investing public as being in the business of placing, operating, and maintaining automated teller machines ("ATM"s). NASI described itself as "an ATM machine provider" that worked with high-traffic retail locations, hotels, casinos, and convenience stores, located throughout the United States.

     b.   Defendant JOEL BARRY GILLIS ("defendant GILLIS") was a resident of Woodland Hills, California, within the Central District of California. Defendant GILLIS was the founder and president of NASI and a signatory on its bank accounts. Defendant GILLIS and co-defendant EDWARD WISHNER ("defendant WISHNER") were in charge of NASI and were principally responsible for running its business operations.

     c.   Defendant WISHNER was a resident of Woodland Hills, California. Defendant WISHNER was the treasurer, vice-president, and secretary of NASI and a signatory on its bank accounts. Defendant WISHNER also prepared NASI's tax returns.

2.   Beginning as early as in or about 2001, and continuing to in or about September 2014, in Los Angeles County, within the Central

Exhibit A
Page 9

1  District of California, and elsewhere, defendants GILLIS and WISHNER,

2  knowingly conspired to and did execute a scheme to defraud investors:

3      3.   Defendants GILLIS and WISHNER operated their scheme, in

4  substance, as follows:

5      a.   Defendants GILLIS and WISHNER solicited and caused to

6  be solicited funds from victim-investors by purporting to sell them

7  ATMs through NASI's ATM sale/leaseback program, using a standard

8  package of agreements, comprised of the following: (1) an ATM

9  Equipment Purchase Agreement ("Purchase Agreement");

10 (2) an ATM Equipment Lease Agreement ("Lease Agreement"); and (3) an

11 Addendum to Owner Lease Agreement ("Addendum").

12     b.   Under the terms of the Purchase Agreement, victim-

13 investors paid a flat amount - typically $12,000, but in some cases

14 as much as $19,800 per ATM - to buy one or more ATMs, all of which

15 were to be identified in an exhibit ("Exhibit A") to the contract by

16 both "serial number" and by the name of the location to which the

17 ATMs were purportedly to be delivered.  In exchange for the victim-

18 investors' payments, NASI, as the supposed "seller" of the ATMs,

19 agreed to deliver the ATMs purportedly purchased by the victim-

20 investor to the location specified by the agreement within 60 days.

21     c.   Under the terms of the Lease Agreement, victim-

22 investors leased the ATMs they had purchased back to NASI for an

23 initial 10-year term.  The Lease Agreement provided that NASI would

24 be responsible for operating and maintaining the ATMs and providing

25 all the services necessary for this purpose, including processing and

26 accounting for all ATM transactions; obtaining, delivering, and

27 loading cash for the ATMs; and repairing, maintaining, and servicing

28 the ATMs.  The Lease Agreement further provided that NASI was

2

1  obligated to pay a monthly rent to the victim-investor in an amount

2  equal to $.50 for each "approved transaction" produced by the ATMs

3  during the covered month for the term of the lease.

4       d.   Finally, the Addendum to the Lease Agreement modified

5  NASI's rent obligation by guaranteeing NASI's payment of a monthly

6  check to victim-investors equal to a 20% annual rate of return on the

7  victim-investors' initial investment.  NASI guaranteed this 20%

8  annual rate of return even if the number of transactions produced by

9  the victim-investor's ATM was insufficient to provide, at the $.50

10  per transaction rate, a 20% annual rate of return.  The Addendum also

11  modified the 10-year lease term provided for in the Lease Agreement

12  by granting the victim-investor the right, after only two years, to

13  sell their ATMs back to NASI at their original purchase price at any

14  time, thereby recovering their original investment in full.

15       e.   In marketing NASI's ATM sale/leaseback program to

16  victim-investors, defendants GILLIS and WISHNER touted NASI's

17  purportedly lengthy track record of delivering profitable returns for

18  investors through their management, servicing, and collection of

19  transaction fees from tens of thousands of ATMs that NASI either

20  separately owned or had leased back from investors.

21       f.   Each month, defendants GILLIS and WISHNER caused

22  monthly transaction reports to be sent to the victim-investors that

23  purportedly detailed the performance of the ATMs that the victim-

24  investors owned.  The reported number of transactions of each of the

25  ATMs supposedly formed the financial basis for the monthly payments

26  that NASI sent to the victim-investors.  In truth and in fact, as

27  defendants GILLIS and WISHNER then well knew, the purpose of these

28  reports was to falsely confirm to the victim-investors that the

3

1   payments they were receiving from NASI were being generated by the

2   high-yield transaction fees earned by their particular ATMs, and to

3   conceal that the payments were, in fact, Ponzi payments funded by

4   monies received from other victim-investors.

5         g.  As defendants GILLIS and WISHNER then well knew, the

6   Purchase Agreement, Lease Agreement, and Addendum packages that NASI

7   entered into with its victim-investors were a sham, and NASI's

8   promises and representations to its victim-investors in connection

9   with its purported sale and leaseback of ATMs were materially false

10   and misleading.  In truth and in fact, as defendants GILLIS and

11   WISHNER then well knew, NASI typically did not sell and lease back

12   the ATM machines it purported to sell to its victim-investors, and

13   the serial numbers and the installation locations of the ATMs that

14   were specified on the Exhibits A to the victim-investors' Purchase

15   Agreements were fabricated by defendant GILLIS and by NASI to create

16   the false impression that NASI was selling actual ATMs that were

17   installed in favorable locations throughout the United States.  As

18   defendants GILLIS and WISHNER also then well knew, NASI did not own

19   or operate the tens of thousands of ATMs that it claimed to have sold

20   and leased back from its victim-investors, nor did it generate any

21   transaction fees or revenue from the ATMs it purportedly leased back

22   from investors and supposedly installed in favorable locations.

23         h.  In truth and in fact, defendants GILLIS and WISHNER

24   operated NASI as a Ponzi scheme, in which the vast majority of its

25   incoming revenue was comprised of victim-investor funds, which

26   defendants GILLIS and WISHNER used to pay returns to prior victim-

27   investors, finance NASI's operations, and pay compensation to

28   themselves and to NASI's sales agents and employees.  Not only were

4

1   the tens of thousands of ATMs that defendants GILLIS and WISHNER

2   purported to sell to, and lease back from, NASI victim-investors

3   never owned or operated by NASI, in the vast majority of cases these

4   ATMs never even actually existed, as defendants GILLIS and WISHNER

5   then well knew.

6           i.   By means of the false and fraudulent pretenses,

7   misrepresentations, and promises identified above, and others,

8   defendants GILLIS and WISHNER caused victim-investors to send money

9   to NASI using the United States mails and commercial interstate

10  carriers and by means of interstate wirings, which money the victim-

11  investors believed was being used to purchase ATMs as part of NASI's

12  ATM sale/leaseback program.

13          j.   In furtherance of their fraudulent investment scheme,

14  defendants GILLIS and WISHNER would cause co-conspirator NASI to send

15  to the victim-investors, using the United States mail, false monthly

16  transaction reports for the ATMs purportedly owned by the victim-

17  investors.  These monthly transaction reports set out in detail the

18  fabricated ATM transaction fees supposedly generated by the non-

19  existent ATMs that NASI had purportedly sold to and leased back from

20  the victim-investors.

21          k.   In and about August 2014, after checks that had been

22  sent by NASI as monthly returns to victim-investors bounced,

23  defendants GILLIS and WISHNER falsely sought to reassure the victim-

24  investors that NASI was only suffering from accounting problems and

25  technical delays relating to system upgrades, and that timely payment

26  of investor returns would likely resume by the beginning of October

27  2014.  In truth and in fact, as defendants GILLIS and WISHNER then

28  well knew, their Ponzi scheme was collapsing owing to a shortfall in

1  new victim-investor funds.  Nonetheless, between in and about the

2  last week in August and in and about the end of the first week of

3  September 2014, defendants GILLIS and WISHNER, acting in concert with

4  NASI sales agents and employees, continued raising nearly $4 million

5  in additional new victim-investor money and making Ponzi payments to

6  lull existing victim-investors, who were owed returns under NASI's

7  Purchase and Lease Agreements.

8       4.   In furtherance of the conspiracy and fraudulent scheme, on

9  or about the following dates, defendants GILLIS and WISHNER caused a

10 person working for defendant WISHNER to make the following deposits

11 into NASI's City National Bank account x4410 (the "NASI CN Bank

12 Account"):

13          a.   On January 13, 2010: seven checks received from seven

14 victim-investors for a total deposit of $246,300;

15          b.   On or about March 29, 2011: 28 checks received from 28

16 victim-investors for a total deposit of $1,094,400.

17          c.   On or about January 31, 2012: 27 checks received from

18 25 victim-investors for a total deposit of $2,219,600.

19          d.   On or about February 1, 2013: 41 checks received from

20 33 victim-investors for a total deposit of $1,329,124.

21          e.   On or about August 4, 2014: two checks received from

22 one victim-investor for a total deposit of $936,000.

23     As a result of the false representations, pretenses and promises

24 and concealments of material facts described above as part of the

25 conspiracy and fraudulent scheme devised and executed by defendants

26 GILLIS and WISHNER, defendants GILLIS and WISHNER caused victim-

27 investor D.H. to mail a check for $468,000 payable to NASI from Santa

28 Monica, California, to NASI in Calabasas, California, on or about

6

1   October 24, 2013; caused victim-investor J.H. to mail a check for
2   $120,000 payable to NASI from Hidden Hills, California, to NASI in
3   Calabasas, California, on August 26, 2014; and, caused $1,000,000, to
4   be wired  for the benefit of victim-investor A.K., from Citibank
5   account number x00089 in New York, New York, to the NASI CN Bank
6   Account in California, by means of wire and radio communication in
7   interstate and foreign commerce on or about July 30, 2013.

8

9         I have read this EXHIBIT A: STATEMENT OF FACTS IN SUPPORT OF
10  ENTRY OF GUILTY PLEAS in its entirety.  I have had enough time to
11  review and consider this Statement of Facts, and I have carefully and
12  thouroughly discussed every part of it with my attorney.  I represent
13  and admit that the facts set forth in this Statement of Facts are
14  true and I agree that this statement of facts is sufficient to
15  support pleas of guilty to the charges described in the information
16  filed in United States v. Joel Barry Gillis, CR 14-712-SJO.

17

18  _____                    1-21-15
       JOEL BARRY GILLIS                         Date
19  Defendant

20

21

22

23

24

25

26

27

28

                              7

                                        Exhibit A
                                        Page 15

# EXHIBIT B

Equity Receivership over Nationwide Automated Systems, Inc., et al.
Detailed Schedule of Payments and Deposits
Ehrens, Gerald & Wilma

**Summary of Payments and Deposits:**

| | | Deposits (Investment) | | Payments Received | | Balance |
|---|---|---|---|---|---|---|
| Investor: | Ehrens, Gerald (aka, Riviera Investments, LP) | $ | 792,000.00 | $ | (734,616.50) $ | 57,383.50 |
| Commissions: | Erhrens, Gerald | $ | - | $ | (164,000.00) $ | (164,000.00) |
| | Amgest, Ltd | $ | - | $ | (980,500.00) $ | (980,500.00) |
| | First Abby Corp. | $ | - | $ | (893,500.00) $ | (893,500.00) |
| | Total | $ | 792,000.00 | $ | (2,772,616.50) $ | (1,980,616.50) |

**Riviera Investments, LP - Deposits:**

| Acct Name | Account# | Date | Check # | Payor/Payee | Company | Memo/Notes | Amount |
|---|---|---|---|---|---|---|---|
| CNB | 22414410 | 01/22/08 | | Ehrens, Gerald & Wilma | (Riviera Investments LP) | 10 ATM machines (Riviera Investments LP) | 120,000.00 |
| CNB | 22414410 | 07/25/08 | | Ehrens, Gerald & Wilma | (Riviera Investments LP) | 10 ATM machines for Riviera Investments | 120,000.00 |
| CNB | 22414410 | 05/26/09 | | Ehrens, Gerald & Wilma | | "4 - ATM Machines" | 48,000.00 |
| CNB | 22414410 | 07/12/12 | | Ehrens, Gerald & Wilma | (Riviera Investments LP) | 7 ATMs (Riviera Investments LP) | 84,000.00 |
| CNB | 22414410 | 11/05/12 | | Ehrens, Gerald & Wilma | (Riviera Investments LP) | 5 Machines (Riviera Investments LP) | 60,000.00 |
| CNB | 22414410 | 12/24/12 | | Ehrens, Gerald & Wilma | (Riviera Investments LP) | 5 ATMs (Riviera Investments LP) | 60,000.00 |
| CNB | 22414410 | 04/05/13 | | Ehrens, Gerald & Wilma | (Riviera Investments LP) | 5 ATM machines (from Riviera Investments LP) | 60,000.00 |
| CNB | 22414410 | 09/20/13 | | Ehrens, Gerald & Wilma | (Riviera Investments LP) | 4 ATM machines (Riviera Investments LP) | 48,000.00 |
| CNB | 22414410 | 11/12/13 | | Ehrens, Gerald & Wilma | (Riviera Investments LP) | 3 ATMs (Riviera Investments LP) | 36,000.00 |
| CNB | 22414410 | 08/02/13 | | Ehrens, Gerald & Wilma | | | 84,000.00 |
| CNB | 22414410 | 02/27/14 | | Ehrens, Gerald & Wilma | (Riviera Investments LP) | (Riviera Investments LP) | 36,000.00 |
| CNB | 22414410 | 03/31/14 | | Ehrens, Gerald & Wilma | (Riviera Investments LP) | (from Riviera Investments LP) | 36,000.00 |
| | | | | | | Total | 792,000.00 |

**Riviera Investments, LP - Payments from NASI:**

| Acct Name | Account# | Date | Check # | Payor/Payee | Company | Memo/Notes | Amount |
|---|---|---|---|---|---|---|---|
| CNB | 22414399 | 09/05/07 | 35164 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (2,469.00) |
| CNB | 22414399 | 10/03/07 | 35765 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (2,392.00) |
| CNB | 22414399 | 11/05/07 | 36354 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (2,406.00) |
| CNB | 22414399 | 12/06/07 | 36934 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (2,422.00) |
| CNB | 22414399 | 01/03/08 | 37516 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (2,385.50) |
| CNB | 22414399 | 02/05/08 | 38115 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (2,328.50) |
| CNB | 22414399 | 03/04/08 | 38720 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (2,340.50) |
| CNB | 22414399 | 04/03/08 | 39380 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (4,468.00) |
| CNB | 22414399 | 05/05/08 | 40036 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (4,386.50) |
| CNB | 22414399 | 06/03/08 | 40695 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (4,377.00) |
| CNB | 22414399 | 06/04/08 | 40862 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | 20% adjustment (Riviera In | $ (277.50) |
| CNB | 22414399 | 07/03/08 | 41339 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (4,372.50) |
| CNB | 22414399 | 08/05/08 | 41990 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (4,249.00) |

| Acct Name | Account# | Date | Check # | Payor/Payee | Company | Memo/Notes | Amount |
|---|---|---|---|---|---|---|---|
| CNB | 22414399 | 08/21/08 | 42171 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | 20% Adjustment (Riviera I | $ (258.00) |
| CNB | 22414399 | 09/03/08 | 42652 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (4,251.00) |
| CNB | 22414399 | 09/10/08 | 42815 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | 20% adjustment (Riviera In | $ (50.50) |
| CNB | 22414399 | 10/06/08 | 43373 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (6,157.00) |
| CNB | 22414399 | 11/05/08 | 44128 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (6,053.00) |
| CNB | 22414399 | 12/04/08 | 44888 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (5,897.00) |
| CNB | 22414399 | 01/05/09 | 45642 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (5,715.00) |
| CNB | 22414399 | 02/03/09 | 46434 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (5,652.50) |
| CNB | 22414399 | 02/11/09 | 46635 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | 20% adjustment (Riviera In | $ (486.00) |
| CNB | 22414399 | 03/04/09 | 47261 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (5,532.00) |
| CNB | 22414399 | 03/17/09 | 47501 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | 20% Adjustment (Riviera I | $ (1,119.50) |
| CNB | 22414399 | 04/03/09 | 48090 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (5,391.50) |
| CNB | 22414399 | 05/04/09 | 48880 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (5,478.50) |
| CNB | 22414399 | 06/02/09 | 49687 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (5,458.50) |
| CNB | 22414399 | 07/06/09 | 50496 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (5,528.00) |
| CNB | 22414399 | 08/05/09 | 51323 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (6,290.50) |
| CNB | 22414399 | 08/10/09 | 51527 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | 20% Adjustment (Riviera I | $ (2,629.00) |
| CNB | 22414399 | 09/03/09 | 52186 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (6,335.00) |
| CNB | 22414399 | 09/10/09 | 52397 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | 20% Adjustment (Riviera I | $ (2,192.00) |
| CNB | 22414399 | 10/05/09 | 53058 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (6,336.00) |
| CNB | 22414410 | 10/19/09 | 8374 | Ehrens, Gerald & Wilma | (Riviera Investments LP) | (Riviera Investments | $ (144,000.00) |
| CNB | 22414399 | 11/03/09 | 53966 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (6,382.00) |
| CNB | 22414399 | 12/03/09 | 54849 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (6,409.00) |
| CNB | 22414399 | 12/09/09 | 55081 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | 20% adjustment (Riviera In | $ (2,033.00) |
| CNB | 22414399 | 01/04/10 | 55772 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (4,350.00) |
| CNB | 22414399 | 02/02/10 | 56694 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (4,410.50) |
| CNB | 22414399 | 03/02/10 | 57662 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (4,398.00) |
| CNB | 22414399 | 03/09/10 | 57942 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | 20% adjustment (Riviera In | $ (1,653.50) |
| CNB | 22414399 | 04/02/10 | 59711 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (4,513.00) |
| CNB | 22414399 | 05/04/10 | 60680 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (4,640.00) |
| CNB | 22414399 | 06/01/10 | 61675 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (2,598.00) |
| CNB | 22414399 | 07/02/10 | 62674 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (2,606.50) |
| CNB | 22414399 | 08/03/10 | 63705 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (2,666.50) |
| CNB | 22414399 | 09/02/10 | 64740 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (2,686.50) |
| CNB | 22414399 | 09/09/10 | 64992 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | 20% adjustment (Riviera In | $ (949.50) |
| CNB | 22414399 | 10/04/10 | 65796 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (2,721.50) |
| CNB | 22414399 | 11/01/10 | 66882 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (2,673.00) |
| CNB | 22414399 | 12/02/10 | 67944 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (2,775.00) |
| CNB | 22414399 | 01/03/11 | 69021 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (2,824.50) |
| CNB | 22414399 | 02/02/11 | 70129 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (2,879.50) |
| CNB | 22414399 | 03/02/11 | 71295 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (2,861.00) |
| CNB | 22414399 | 03/10/11 | 71580 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | 20% adjustment (Riviera In | $ (124.50) |
| CNB | 22414399 | 04/04/11 | 72494 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (2,802.50) |
| CNB | 22414399 | 05/02/11 | 73673 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (2,867.00) |
| CNB | 22414399 | 06/02/11 | 74880 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (2,778.50) |
| CNB | 22414399 | 07/05/11 | 76106 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (2,764.50) |
| CNB | 22414399 | 08/03/11 | 77949 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (2,778.50) |
| CNB | 22414399 | 09/02/11 | 79192 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviem Investment, L.P) | $ (2,732.00) |
| CNB | 22414399 | 10/04/11 | 80469 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (5,193.00) |
| CNB | 22414399 | 11/02/11 | 81794 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (5,095.50) |
| CNB | 22414399 | 12/02/11 | 83322 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (5,078.50) |

| Acct Name | Account# | Date | Check # | Payor/Payee | Company | Memo/Notes | Amount |
|---|---|---|---|---|---|---|---|
| CNB | 22414399 | 01/04/12 | 84682 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (5,124.50) |
| CNB | 22414399 | 02/02/12 | 86033 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (5,111.50) |
| CNB | 22414399 | 03/02/12 | 87420 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (5,106.50) |
| CNB | 22414399 | 04/02/12 | 88861 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (5,009.00) |
| CNB | 22414399 | 05/03/12 | 97709 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (5,215.50) |
| CNB | 22414399 | 06/05/12 | 94636 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (5,142.00) |
| CNB | 22414399 | 07/03/12 | 96112 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (5,259.00) |
| CN3 | 22414399 | 08/02/12 | 93123 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (5,162.00) |
| CNB | 22414399 | 09/04/12 | 91611 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (7,649.50) |
| CNB | 22414399 | 10/01/12 | 90240 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (7,727.00) |
| CNB | 22414399 | 11/05/12 | 11248 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (7,617.50) |
| CNB | 22414399 | 12/04/12 | 12886 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (7,523.00) |
| CNB | 22414399 | 01/02/13 | 14558 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (9,454.00) |
| CNB | 22414399 | 02/04/13 | 16270 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (9,379.00) |
| CNB | 22414399 | 03/04/13 | 18008 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (11,193.00) |
| CNB | 22414399 | 04/01/13 | 19791 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (11,204.00) |
| CNB | 22414399 | 05/02/13 | 21616 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (11,102.50) |
| CNB | 22414399 | 06/03/13 | 23962 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (12,706.00) |
| CNB | 22414399 | 07/03/13 | 26065 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (12,967.50) |
| CNB | 22414399 | 08/01/13 | 27828 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (12,962.50) |
| CNB | 22414399 | 09/03/13 | 29723 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (12,896.00) |
| CNB | 22414399 | 10/02/13 | 31958 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (15,419.50) |
| CNB | 22414399 | 11/04/13 | 35194 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (15,485.50) |
| CNB | 22414399 | 12/02/13 | 37135 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (16,748.00) |
| CNB | 22414399 | 01/02/14 | 39895 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P) | (Riviera Investment, L.P) | $ (17,590.50) |
| CNB | 22414399 | 02/03/14 | 41915 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P.) | (Riviera Investment, L.P.) | $ (17,647.00) |
| CNB | 22414399 | 03/04/14 | 44070 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P.) | (Riviera Investment, L.P.) | $ (16,754.50) |
| CNB | 22414399 | 04/02/14 | 47295 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P.) | (Riviera Investment, L.P.) | $ (16,469.00) |
| CNB | 22414399 | 05/06/14 | 49633 | Ehrens, Gerald & Wilma | (Riviera Investment, LP) | (Riviera Investment, LP) | $ (17,757.50) |
| CNB | 22414399 | 06/03/14 | 52009 | Ehrens, Gerald & Wilma | (Riviera Investment, L.P.) | (Riviera Investment, L.P.) | $ (18,874.50) |
| CNB | 22414399 | 07/02/14 | 54424 | Ehrens, Gerald & Wilma | (Riviera Investment, LP) | (Riviera Investment, LP) | $ (18,825.50) |
| CNB | 22414399 | 08/06/14 | 56896 | Ehrens, Gerald & Wilma | (Riviera Investment, LP) | (Riviera Investment, LP) | $ (18,604.00) |
| | | | | | | **Total** | **$ (734,616.50)** |

**Ehrens, Gerald & Wilma - Commissions Paid by NASI:**

| Acct Name | Account# | Date | Check # | Payor/Payee | Company | Memo/Notes | Amount |
|---|---|---|---|---|---|---|---|
| CNB | 22414410 | 10/19/09 | 8375 | Ehrens, Gerald & Wilma | | Commission | $ (56,000.00) |
| CNB | 22414410 | 07/06/10 | 9065 | Ehrens, Gerald & Wilma | | market commission | $ (108,000.00) |
| | | | | | | **Total** | **$ (164,000.00)** |

**Amgest, Ltd - Commissions Paid from NASI:**

| Acct Name | Account# | Date | Check # | Payor/Payee | Company | Memo/Notes | Amount |
|---|---|---|---|---|---|---|---|
| CNB | 22414410 | 04/02/10 | 8840 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (29,500.00) |
| CNB | 22414410 | 05/04/10 | 8907 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (7,500.00) |
| CNB | 22414410 | 06/04/10 | 9017 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | May commission (Amgest, Ltd) | $ (25,000.00) |
| CNB | 22414410 | 11/01/10 | 9374 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (5,000.00) |
| CNB | 22414410 | 12/06/10 | 9485 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (17,500.00) |
| CNB | 22414410 | 01/06/11 | 9581 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (8,500.00) |
| CNB | 22414410 | 02/03/11 | 9663 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (41,000.00) |
| CNB | 22414410 | 03/04/11 | 9736 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (11,500.00) |

Case 2:15-cv-05747   Document 1-2   Filed 07/29/15   Page 5 of 5   Page ID #:21

| Acct Name | Account# | Date | Check # | Payor/Payee | Company | Memo/Notes | Amount |
|---|---|---|---|---|---|---|---|
| CNB | 22414410 | 04/07/11 | 9823 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (23,000.00) |
| CNB | 22414410 | 05/04/11 | 9886 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | commission (Amgest, Ltd) | $ (18,500.00) |
| CNB | 22414410 | 07/08/11 | 10025 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (26,500.00) |
| CNB | 22414410 | 08/05/11 | 10113 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (35,500.00) |
| CNB | 22414410 | 09/07/11 | 10188 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (31,500.00) |
| CNB | 22414410 | 09/13/11 | 10199 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (5,500.00) |
| CNB | 22414410 | 10/06/11 | 10253 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (16,500.00) |
| CNB | 22414410 | 11/02/11 | 10323 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (2,500.00) |
| CNB | 22414410 | 12/08/11 | 10407 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (38,500.00) |
| CNB | 22414410 | 01/09/12 | 10502 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (100,500.00) |
| CNB | 22414410 | 02/03/12 | 10552 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (10,000.00) |
| CNB | 22414410 | 02/03/12 | 10553 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (4,500.00) |
| CNB | 22414410 | 03/06/12 | 10647 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (34,000.00) |
| CNB | 22414410 | 04/09/12 | 10754 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (6,500.00) |
| CNB | 22414410 | 05/04/12 | 10826 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (6,500.00) |
| CNB | 22414410 | 06/07/12 | 10915 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (7,000.00) |
| CNB | 22414410 | 07/05/12 | 11005 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (42,500.00) |
| CNB | 22414410 | 08/09/12 | 11123 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (17,000.00) |
| CNB | 22414410 | 09/07/12 | 11193 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (36,500.00) |
| CNB | 22414410 | 10/04/12 | 11272 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (45,000.00) |
| CNB | 22414410 | 11/08/12 | 11376 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (15,500.00) |
| CNB | 22414410 | 11/15/12 | 11383 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (19,000.00) |
| CNB | 22414410 | 11/15/12 | 11386 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (10,500.00) |
| CNB | 22414410 | 12/07/12 | 11455 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (32,500.00) |
| CNB | 22414410 | 01/07/13 | 11554 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (100,000.00) |
| CNB | 22414410 | 02/07/13 | 11641 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (19,500.00) |
| CNB | 22414410 | 03/08/13 | 11738 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (38,000.00) |
| CNB | 22414410 | 04/04/13 | 11820 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (17,500.00) |
| CNB | 22414410 | 05/06/13 | 11915 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (46,000.00) |
| CNB | 22414410 | 06/14/13 | 12044 | Ehrens, Gerald & Wilma | (Amgest, Ltd) | (Amgest, Ltd) | $ (28,500.00) |
| | | | | | | **Total** | **$ (980,500.00)** |

First Abby Corp. - Commissions Paid by NASI:

| Acct Name | Account# | Date | Check # | Payor/Payee | Company | Memo/Notes | Amount |
|---|---|---|---|---|---|---|---|
| CNB | 22414410 | 09/04/09 | 8254 | Ehrens, Gerald & Wilma | (First Abby Corp.) | (First Abby Corp.) | $ (30,000.00) |
| CNB | 22414410 | 10/05/09 | 8335 | Ehrens, Gerald & Wilma | (First Abby Corp.) | (First Abby Corp.) | $ (13,500.00) |
| CNB | 22414410 | 01/08/10 | 8567 | Ehrens, Gerald & Wilma | (First Abby Corp.) | (First Abby Corp.) | $ (26,500.00) |
| CNB | 22414410 | 02/02/10 | 8657 | Ehrens, Gerald & Wilma | (First Abby Corp.) | (First Abby Corp.) | $ (83,500.00) |
| CNB | 22414410 | 03/08/10 | 8760 | Ehrens, Gerald & Wilma | (First Abby Corp.) | (First Abby Corp.) | $ (85,500.00) |
| CNB | 22414410 | 07/05/13 | 12104 | Ehrens, Gerald & Wilma | (First Abby Corp.) | (First Abby Corp.) | $ (90,000.00) |
| CNB | 22414410 | 08/13/13 | 12208 | Ehrens, Gerald & Wilma | (First Abby Corp.) | | $ (30,000.00) |
| CNB | 22414410 | 09/09/13 | 12301 | Ehrens, Gerald & Wilma | (First Abby Corp.) | | $ (19,000.00) |
| CNB | 22414410 | 10/10/13 | 12392 | Ehrens, Gerald & Wilma | (First Abby Corp.) | | $ (152,000.00) |
| CNB | 22414410 | 11/04/13 | 12481 | Ehrens, Gerald & Wilma | (First Abby Corp.) | | $ (16,000.00) |
| CNB | 22414410 | 12/05/13 | 12578 | Ehrens, Gerald & Wilma | (First Abby Corp.) | | $ (9,000.00) |
| CNB | 22414410 | 01/10/14 | 12676 | Ehrens, Gerald & Wilma | (First Abby Corp.) | | $ (19,500.00) |
| CNB | 22414410 | 02/10/14 | 12776 | Ehrens, Gerald & Wilma | (First Abby Corp.) | | $ (6,000.00) |
| CNB | 22414410 | 03/10/14 | 12872 | Ehrens, Gerald & Wilma | (First Abby Corp.) | commission | $ (90,000.00) |
| CNB | 22414410 | 04/09/14 | 12984 | Ehrens, Gerald & Wilma | (First Abby Corp.) | | $ (52,500.00) |
| CNB | 22414410 | 05/20/14 | 13115 | Ehrens, Gerald & Wilma | (First Abby Corp.) | | $ (24,000.00) |
| CNB | 22414410 | 06/05/14 | 13204 | Ehrens, Gerald & Wilma | (First Abby Corp.) | (First Abby Corp.) | $ (14,000.00) |
| CNB | 22414410 | 07/07/14 | 13313 | Ehrens, Gerald & Wilma | (First Abby Corp.) | (First Abby Corp.) | $ (54,000.00) |
| CNB | 22414410 | 08/11/14 | 13427 | Ehrens, Gerald & Wilma | (First Abby Corp.) | (First Abby Corp.) | $ (78,500.00) |
| | | | | | | **Total** | **$ (893,500.00)** |

Case 2:15-cv-05747-SJO-FFM   Document 21   Filed 09/24/15   Page 1 of 3   Page ID #:88

DAVID R. ZARO  SBN: 124334
ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
515 S. FIGUEROA STREET, 9TH FLOOR
LOS ANGELES, CA 90071
(213) 622-5555

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| WILLIAM J. HOFFMAN, ETC. <br><br> v. <br><br> GERALD EHRENS, ET AL. | CASE NUMBER: <br> 2:15-CV-5747 AB (PLAx) <br><br> **PROOF OF SERVICE** <br> **SUMMONS AND COMPLAINT** <br> (Use separate proof of service for each person/party served) |

1. At the time of service I was at least 18 years of age and not a party to this action and I served  copies of the *(specify documents)*:

   a. ☒ summons     ☐ first amended complaint     ☐ third party complaint
   ☒ complaint     ☐ second amended complaint     ☐ counter claim
   ☐ alias summons     ☐ third amended complaint     ☐ cross claim
   ☒ other  SEE ATTACHED DOCUMENT LIST

2. Person served:

   a. ☒ Defendant *(name:)* AMGEST LTD, A DELAWARE CORPORATION
   b. ☒ Other *(specify name and title or relationship to the party/business named):*
   BRUCE GARDINER - PRESIDENT
   c. ☒ Address where the papers were served: 9005 WEST SAHARA AVENUE
   LAS VEGAS, NV 89117

3. Manner of Service in compliance with *(the appropriate box must be checked):*

   a. ☒ Federal Rules of Civil Procedure
   b. ☐ California Code of Civil Procedure

4. I served the person named in Item 2:

   a. ☒ **By Personal Service.** By personally delivering copies.  If the person is a minor, by leaving copies with a parent, guardian, conservator or similar fiduciary and to the minor if at least twelve (12) years of age.

      1. ☒ Papers were served on *(date)*: 09/14/2015 at *(time)*: 04:18 pm

   b. ☐ **By Substituted Service.** By leaving copies:

      1. ☐ (home) at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household, at least 18 years of age, who was informed of the general nature of the papers.
      2. ☐ (business) or a person apparently in charge of the office, or place of business, at least 18 years of age, who was informed of the general nature of the papers.
      3. ☐ Papers were served on *(date):* at *(time):*
      4. ☐ by mailing *(by first-class mail, postage prepaid)* copies to the person served in item 2(b) at the place where the copies were left in item 2(c).
      5. ☐ papers were mailed on
      6. ☐ due diligence. I made at least three (3) attempts to personally serve the defendant.

   c. ☐ **Mail and acknowledgment of service.** By mailing *(by first-class mail or airmail, postage prepaid)* copies to the person served, with two (2) copies of the form of Waiver of Service of Summons and Complaint and a return envelope, postage prepaid addressed to the sender.  (Attach completed Waiver of Service of summons and Complaint).

d. ☐ **Service on domestic corporation, unincorporated association (including partnership), or public entity. (F.R.Civ.P. 4(h)) (C.C.P. 416.10)** By delivering, during usual business hours, a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute and the statute so requires, by also mailing, by first-class mail, postage prepaid, a copy to the defendant.

e. ☐ **Substituted service on domestic corporation, unincorporated association (including partnership), or public entity. (C.C.P. 415.20 only)** By leaving during usual business hours, a copy of the summons and complaint in the office of the person served with the person who apparently was in charge and thereafter by mailing *(by first-class mail, postage prepaid)* copies of the persons at the place where the copies were left in full compliance with C.C.P. 415.20  Substitute service upon the California Secretary of State requires a court order.  **(Attach a copy of the order to this Proof of Service.)**

f. ☐ **Service on a foreign corporation.** In any manner prescribed for individuals by FRCP 4(f)

g. ☐ **Certified or registered mail service.** By mailing to an address outside California *(by first-class mail, postage prepaid, requiring a return receipt)* copies to the person served.  **(Attach signed return receipt or other evidence of actual receipt by the person served).**

h. ☐ **Other** (specify code section and type of service):

5. **Service upon the United States, and Its Agencies, Corporations or Officers.**

a. ☐ by delivering a copy of the summons and complaint to the clerical employee designated by the U.S. Attorney authorized to accept service, pursuant to the procedures for the Office of the U.S. Attorney for acceptance of service, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the U.S. Attorneys Office.

Name of person served:

Title of person served:

Date and time of service:  *(date)*;  at *(time)*:

b. ☐ By sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States  at Washington, D.C. **(Attach signed return receipt or other evidence of actual receipt by the person served).**

c. ☐ By sending a copy of the summons and complaint by registered or certified mail to the officer, agency or corporation **(Attach signed return receipt or other evidence of actual receipt by the person served).**

6. At the time of service I was at least 18 years of age and not a party to this action.

7. Person serving *(name, address and telephone number):*

NATIONWIDE    JUDITH MAE ALL
Nationwide Legal, LLC (12-234648)
1609 James M. Wood Blvd., 2nd Fl
Los Angeles, CA 90015
(213) 249-9999

a. Fee for service: $ .00

b. ☒ Not a registered California process server

c. ☐ Exempt from registration under B&P 22350(b)

d. ☐ Registered California process server
Registration # ;NEVADA
County: NEVADA

8. ☐ I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Date: September 16, 2015 _____    ___JUDITH MAE ALL_____        _____
                                       Type or Print Server's Name                              (Signature)

PROOF OF SERVICE - SUMMONS AND COMPLAINT

CV-1 (03/10)

PAGE 2
4118521JC

**Nationwide Legal, LLC (12-234648)**

1609 James M. Wood Blvd., 2nd Fl

Los Angeles, CA 90015

Phone: (213) 249-9999   Fax: (213) 249-9990

Continued from Proof of Service

**CASE #:**   2:15-CV-5747 AB (PLAx)                          **DATE:** September 16, 2015

**CASE NAME:**   WILLIAM J. HOFFMAN, ETC. VS. GERALD EHRENS, ET AL.

summons;complaint;CIVIL COVER SHEET; NOTICE OF RELATED CASE UNDER LOCAL RULE 83-1.3.1; CERTIFICATION AND NOTICE OF INTERESTED PARTIES (LOCAL RULE 7.1-1); NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES; NOTICE TO PARTIES OF COURT-DIRECTED ADR PROGRAM; ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 14-03 (RELATED CASES)

Order#: 4118621JO/DocAll2010

**Lyons, Marcella**

From:          trackingupdates@fedex.com
Sent:          Monday, October 12, 2015 10:25 AM
To:            Lyons, Marcella
Subject:       FedEx Shipment 781485549946 Delivered

This tracking update has been requested by:

Company Name:    Allen Matkins
Name:            Tim Hsu
E-mail:          thsu@allenmatkins.com

Message:         PSShip eMail Notification

Our records indicate that the following shipment has been delivered:

Reference:              375323.00004-002055
Ship (P/U) date:        Oct 9, 2015
Delivery date:          Oct 12, 2015 10:21 am
Sign for by:            Signature not required
Delivery location:      LAS VEGAS, NV
Delivered to:           Residence
Service type:           FedEx Priority Overnight
Packaging type:         FedEx Envelope
Number of pieces:       1
Weight:                 0.50 lb.
Special handling/Services:    No Signature Required
                        Deliver Weekday
                        Residential Delivery

Tracking number:        781485549946

Shipper Information          Recipient Information
Tim Hsu                      Gerald and Wilma Ehrens
Allen Matkins                10924 PINE MEADOWS CT
515 S Figueroa St FL 7       LAS VEGAS
Los Angeles                  NV
CA                           US
US                           89134
90071

Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at approximately 12:25 PM  CDT on 10/12/2015.

To learn more about FedEx Express, please visit our website at fedex.com.

1

Exhibit B
Page 38

All weights are estimated.

To track the status of this shipment online, please use the following:
https://www.fedex.com/insight/findit/nrp.jsp?tracknumbers=781485549946&language=en&opco=FX&clientype=ivpodalrt

This tracking update has been sent to you by FedEx on the behalf of the Requestor noted above. FedEx does not validate the authenticity of the requestor and does not validate, guarantee or warrant the authenticity of the request, the requestor's message, or the accuracy of this tracking update. For tracking results and fedex.com's terms of use, go to fedex.com.

Thank you for your business.

2