| | |
|---|---|
| 1 | DAVID R. ZARO (BAR NO. 124334) |
| 2 | TED FATES (BAR NO. 227809) |
|   | TIM C. HSU (BAR NO. 279208) |
| 3 | ALLEN MATKINS LECK GAMBLE |
|   |   MALLORY & NATSIS LLP |
| 4 | 515 South Figueroa Street, Ninth Floor |
|   | Los Angeles, California 90071-3309 |
| 5 | Phone: (213) 622-5555 |
|   | Fax: (213) 620-8816 |
| 6 | E-Mail: dzaro@allenmatkins.com |
|   |         tfates@allenmatkins.com |
| 7 |         thsu@allenmatkins.com |
| 8 | Attorneys for Plaintiff |
|   | WILLIAM J. HOFFMAN, Receiver |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| WILLIAM J. HOFFMAN, Court-appointed permanent receiver for Defendant Nationwide Automated Systems, Inc., Relief Defendants Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates, | Case No. CV15-05747 SJO (FFMx) |
|   | REQUEST TO CLERK FOR ENTRY OF DEFAULT OF DEFENDANTS RIVIERA INVESTMENTS, L.P. AND FIRST ABBY CORPORATION |
|   | Ctrm: 1 - 2nd Floor |
|           Plaintiff, | Judge:    Hon. S. James Otero |
| v. | |
| GERALD EHRENS, WILMA EHRENS, RIVIERA INVESTMENTS, L.P., a Nevada limited partnership, FIRST ABBY CORPORATION, a Nevada corporation, AMGEST LTD. a Delaware corporation, | |
|           Defendants. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

Plaintiff William J. Hoffman of Trigild, Inc. ("Receiver"), the Court-appointed permanent receiver for Nationwide Automated Systems, Inc. ("NASI"), Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates ("Receivership Entities"), in that Securities and Exchange Commission enforcement action styled as *Securities and Exchange Commission v. National Automated Systems, Inc., et al.*, United States District Court, Central District of California, Case No. 14-CV-07249-SJO (FFMx), by and through counsel, hereby requests that the clerk of the above-entitled Court enter default in this matter against Defendants Riviera Investments, L.P. and First Abby Corporation (together, "Defaulting Defendants") on the ground that Defaulting Defendants have failed to appear or otherwise respond to the properly served Complaint within the time prescribed by the Federal Rules of Civil Procedure.[1]

On July 29, 2015, the Receiver filed the Complaint in the above-entitled action. Following multiple unsuccessful attempts to effectuate personal service upon Defaulting Defendants, the Receiver filed a motion on September 29, 2015 seeking authorization to serve Defaulting Defendants by publication. (Dkt. No. 22.) The Receiver's motion was granted on October 27, 2015, and the Court ordered that Defaulting Defendants be served by publishing "the Summons in the Nevada Legal News, once a week for four successive weeks", and that service to Defaulting Defendants "shall be deemed complete upon the conclusion of the four-week publication." (Dkt. No. 26.)

---

[1] The other defendants in this action include Amgest LTD, Gerald Ehrens, and Wilma Ehrens. The default of defendant Amgest LTD was previously entered on October 19, 2015. (Dkt No. 24.) Defendants Gerald Ehrens and Wilma Ehrens filed for bankruptcy on September 30, 2015, and thus this matter is stayed as against them pursuant to Bankruptcy Code until such time as the automatic stay is dissolved or relief from such stay is otherwise obtained. (Dkt No. 28.)

1      Pursuant to the Court's order, the Receiver published the Summons in the
2 Nevada Legal News for four-successive weeks, and specifically on October 29,
3 2015, November 5, 2015, November 12, 2015, November 19, 2015 and November
4 25, 2015. (Declaration of Tim C. Hsu ("Hsu Decl.") ¶ 4, Ex. A.) Proof of service
5 by way of this publication was filed on December 1, 2015. (Dkt. No. 30.) Given
6 that the conclusion of publication occurred on November 25, 2015, service to
7 Defaulting Defendants was deemed complete at that time and Defaulting Defendants
8 were thus required to file a response to the Complaint by no later than December 15,
9 2015. *See* FRCP Rule 12. Defaulting Defendants are legal entities and are thus not
10 infants or incompetent persons. (Hsu Decl. ¶ 5.)
11      As of the date of this filing, Defaulting Defendants have not filed any
12 responsive pleading or motion, or otherwise made any appearance in this action.
13 (*Id.*) Accordingly, the Receiver hereby respectfully requests that default be
14 immediately entered as against Defaulting Defendants.

16 Dated: December 23, 2015

                                                 ALLEN MATKINS LECK GAMBLE
                                                   MALLORY & NATSIS LLP
                                               DAVID R. ZARO
                                             TED FATES
                                             TIM C. HSU

                                             By:     /s/ Tim C. Hsu
                                                  TIM C. HSU
                                                  Attorneys for Receiver
                                                  WILLIAM J. HOFFMAN